OPINION
{¶ 1} Appellant, Scottie J. English, was charged with assault in violation of Ohio Revised Code 2903.13(A). He entered a plea of not guilty, and the case was tried to the bench on September 25, 2006. After consideration of the evidence, the trial court found appellant guilty of assault. It is from this decision that appellant now appeals. *Page 2 
 I {¶ 2} On September 12, 2006, English was riding in a vehicle with the victim, Antonia Marshall. The record reflects that the two started arguing while in the car, ultimately resulting in physical contact.
 {¶ 3} At approximately four-thirty on September 12, 2006, Officer Michael Saylors of the Dayton Police Department was dispatched to 144 West Parkwood in response to an incident of Domestic Violence. Officer Saylors testified that he arrived at the residence and was directed to an upstairs bedroom. Officer Saylors testified that he could hear arguing coming from the bedroom.
 {¶ 4} Officer Saylors indicated that the room was in complete disarray. Broken computers, CD's, DVD's, and other objects littered the bedroom floor. Officer Saylors testified that Ms. Marshall had a bloodied shirt, two black eyes, and a bleeding cut under one of her eyes. Scottie English appeared to have sustained only minor cuts to his face.
 {¶ 5} While he was on the scene, Officer Saylors testified that English made a statement that he had hit Ms. Marshall only because she struck him first. Officer Saylors obtained a domestic violence witness statement from Ms. Marshall, and English was arrested for assault.
 {¶ 6} At trial, the State called Ms. Marshall to the stand. Ms. Marshall was very uncooperative, and even fled the courtroom prior to the trial. On the stand, she indicated that English had hit her first in the car. However, she maintained that no further violence continued into the house. She also testified that the physical contact was "playful." The State offered the victim's domestic violence witness statement as proof of her prior inconsistent statements. Ms. *Page 3 
Marshall, however, maintained her position, refuting the accuracy of her prior statement.
 {¶ 7} At the conclusion of the evidence, the State moved to admit Marshall's prior unsworn witness statement into evidence. The defense failed to object, and the trial court admitted the statement into the record.
 {¶ 8} The trial court found English guilty of assault. He was ultimately sentenced to one hundred eighty (180) days in jail, ninety (90) days suspended upon the condition that English complete three years of unsupervised probation and have no further contact with the complainant.
 II {¶ 9} The Appellant alleges one assignment of error as follows:
 {¶ 10} "AS A MATTER OF LAW, THE APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL BECAUSE COUNSEL FAILED TO OBJECT TO THE ADMISSION OF AN UNSWORN, SIGNED STATEMENT MADE BY A WITNESS WHICH HAS BEEN DENIED BY THE DECLARANT UNDER OATH AS PROOF OF THE ALLEGATIONS CONTAINED THEREIN, AND BUT FOR SAID OMISSION, THE STATE WOULD HAVE FAILED TO MEET ITS BURDEN OF PROOF IN THIS CASE"
 {¶ 11} The test to determine the existence of a claim of ineffective assistance of counsel first asks whether counsel has violated any essential duties owed to the client. Once it is established that counsel violated an essential duty, the question becomes whether the client was prejudiced by counsel's ineffectiveness. State v. Hector, (March 8, 2002), Mont. App. No. CA 18653, 2002-Ohio-1200. To satisfy this test, the client must first overcome a strong presumption that counsel's performance was professionally reasonable by showing that counsel *Page 4 
failed to meet the standard of reasonableness owed to the client.State v. Bradley (1989), 42 Ohio St. 3d 136, 141-142, 538 N.E.2d. 373. Even then, however, a court's judgment will not be set aside unless there exists a reasonable probability that counsel's professional errors altered the outcome of the proceeding. Hector, (March 8, 2002), Mont. App. No. CA 18653, 2002-Ohio-1200.
 {¶ 12} It is the generally accepted view that a prior inconsistent statement is only admissible to impeach the declarant and should not be taken into evidence to prove the truth of the matter asserted. Ohio has long adhered to this general principle. Of particular importance to this case, the Ohio Supreme Court has said that "`when taken by surprise by the adverse testimony of its own witness, . . . the state may interrogate such witness concerning his prior inconsistent . . . statement . . . for the purpose of refreshing the recollection of the witness, but not for the purpose of offering substantive evidence against the accused.'" State v. Dick (1971), 27 Ohio St.2d 162, 165, 271
N.E.2d 797, 799 (quoting State v. Duffy (1938), 134 Ohio St. 16, 17, 15 N.E.2d 535, 536). Indeed, to allow prior inconsistent statements to be considered for their truth would "allow men to be convicted on unsworn testimony of witnesses — a practice which runs counter to the notions of fairness on which our legal system is founded." Bridges v. Wixon (1944),326 U.S. 135, 153, 65 S.Ct. 1443, 1452, 89 L.Ed. 2103.
 {¶ 13} Ms. Marshall's unsworn, signed statement was clearly inadmissible as substantive evidence to prove the acts alleged therein. The statement's sole utility was for the witness's recollection and subsequent impeachment. Thus, the failure of counsel to object to the admission of the unsworn, signed statement was an error in his professional obligations owed to his client. We are not satisfied, however, that counsel's professional errors altered the outcome *Page 5 
of the proceeding.
 {¶ 14} The record contains a plethora of evidence implicating English in the assault. First, it must be noted that the record contains an admission by English that he struck Ms. Marshall. Officer Saylors testified that English claimed self defense, saying that "he struck [Ms. Marshall] because he was struck" first. Transcript at p. 27. This statement constitutes an admission by English and is admissible to prove the truth of the matter asserted. Furthermore, Officer Saylors testified that he responded to a domestic violence call. He indicates in his testimony that he heard arguing and observed broken objects and injuries consistent with an assault. According to his observations and the pictures taken from the scene, the bedroom was disheveled, with the pieces of a broken computer monitor, CD's, and DVD's littering the floor. The record also reveals the serious injuries inflicted to Ms. Marshall. Ms. Marshall's bloodied shirt, open wound, and two black eyes certainly hint at something more than a "playful" fight. In light of the overwhelming evidence implicating English in assault, it is clear that counsel's professional error did not prejudice the outcome of the proceeding.
Judgment affirmed.
 WOLFF, P.J. and FAIN, J., concur. *Page 1